IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02250-BNB

FRANKIE L. MCCONNELL,

    Plaintiff,

v.

MICHELLE ABEYTA,
JOHN SCOLERI, and
LAURIE TOFOYA,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Frankie L. McConnell, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Denver Women's Correctional Facility. Ms. McConnell has filed *pro se* a Prisoner Complaint, apparently pursuant to 42 U.S.C. § 1983, although she fails to assert a basis for this Court's jurisdiction. She asks for money damages. Ms. McConnell has been granted leave to proceed pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee.

    The Court must construe Ms. McConnell's filings liberally because she is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Ms. McConnell will be ordered to file an amended complaint.

    The complaint Ms. McConnell submitted to the Court on August 23, 2012, is

deficient. Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in this Court be double-spaced and legible. *See* D.C.COLO.LCivR 10.1E. and G. The handwritten complaint Ms. McConnell filed is difficult to read because it is single-spaced. The amended complaint Ms. McConnell will be directed to file, if handwritten, shall be double-spaced and written legibly, in capital and lower-case letters.

Ms. McConnell asserts three claims. She appears to be suing the officer who filed a notice of charges against her for the disciplinary violation of disobeying a lawful order (Michelle Abeyta), the hearing officer at her disciplinary hearing who sanctioned her with twenty days of punitive segregation (John Scoleri), and the grievance officer who upheld on appeal the hearing officer's decision (Laurie Tofoya). She fails to assert constitutional violations but, instead, organizes her claims by each individual she is suing.

The Court finds that the asserted claims do not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's

jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Ms. McConnell fails to provide a short and plain statement of her claims showing that she is entitled to relief. In order to state a claim in federal court, she "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Therefore, Ms. McConnell will be ordered to file an amended complaint that asserts a basis for jurisdiction, provides a short and plain statement of the claims she wishes to pursue in this action, and asserts what, if any, constitutional rights she believes were violated. Although Ms. McConnell has attached to the complaint the notice of charges, disposition of charges, and appeal for the disciplinary conviction she challenges, she may not rely upon the notices to explain her claims clearly and concisely. That remains her responsibility.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal

participation, Ms. McConnell must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations that he or she causes. *See Dodds v. Richardson*, 614 F.3d 1185, 1211 (10th Cir. 2010).

Ms. McConnell's allegations against Ms. Tofoya in claim one fail to allege her personal participation. Defendant Tofoya is a grievance officer. Her only involvement in the allegations of claim one was to uphold Plaintiff's disciplinary conviction on appeal. That is not sufficient to hold Ms. Tofoya liable under § 1983. "[A] denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Whitington v. Ortiz*, 307 Fed. App'x 179, 193 (10th Cir. 2009) (unpublished).

Accordingly, it is

ORDERED that Plaintiff, Frankie L. McConnell, file, within **thirty (30) days from the date of this order**, an amended Prisoner Complaint that complies with the pleading requirements of Fed. R. Civ. P. 8(a) as discussed in this order. It is

FURTHER ORDERED that Ms. McConnell shall obtain the Court-approved

Prisoner Complaint form (with the assistance of her case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, for use in submitting the amended complaint.  It is

FURTHER ORDERED that, if Ms. McConnell fails to file an amended Prisoner Complaint that complies with the directives of this order within the time allowed, the complaint and the action will be dismissed without further notice.

DATED September 4, 2012, at Denver, Colorado.

> BY THE COURT:
>
>  s/ Boyd N. Boland
> United States Magistrate Judge